MIRANDA PEART, Respondent, *v.* JAMES PEART, as Executor, etc., Appellant.

*Order denying a motion to make a complaint more definite and certain, will be reviewed by the General Term in the fifth department — the right to appeal is not waived by answering the complaint after the motion has been denied.*

It is definitely settled, so far as the General Term of the fifth department is concerned, that orders made at a Special Term, involving questions as to the form of pleading, and whether they contain irrelevant, redundant or scandalous matter, or are so indefinite and uncertain that the precise meaning or application of an allegation therein is not apparent, may be reviewed by this court on appeal, and that any error which has been committed may be corrected.
*Sprague* v. *Dunton* (14 Hun, 490) followed.

After an order denying a motion made by the defendants, requiring the plaintiff to make the complaint more definite and certain, had been granted and served, the defendants answered the plaintiff's complaint and then served a notice of their appeal.

*Held,* that by answering they did not waive their right to appeal.

MOTION to dismiss an appeal taken by the defendants from an order of the Monroe Special Term, denying their motion that the plaintiff be required to make her complaint more definite and certain.

*P. Chamberlain, Jr.,* for the motion.

*Waldo G. Morse,* opposed.

BARKER, P. J.:

The order is appealable. It is definitely settled so far as this court is concerned, that orders made at a Special Term involving questions as to the form of pleadings and whether they contain irrelevant, redundant or scandalous matter, or are so indefinite and uncertain that the precise meaning or application of an allegation therein is not apparent, may be reviewed by this court on appeal, and if any error has been committed it may be corrected. (*Sprague* v. *Dunton,* 14 Hun, 490.) The case was decided in this court and since made it has been followed by us. It is unnecessary to refer to prior decisions by this court, or to subsequent decisions by other tribunals which hold to the contrary.

After the order appealed from was granted and served, the defendants answered the plaintiff's complaint and then served notice of their appeal. By answering the defendants did not waive their right of appeal. That act was but a regular step in the course of procedure and in strict compliance with the rules of practice. The order appealed from did not grant to the defendants any favor, and there is no reason for saying that they have acquiesced in or derived any benefit therefrom.

The defendant's original motion was founded on the provisions of section 546 of the Code of Civil Procedure, which provides that where one or more denials or allegations, contained in a pleading, are so indefinite and uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain by amendment. By rule 22 the motion

must be noticed within twenty days from the service of the pleading and before answering or demurring thereto. No other regulation is prescribed by this rule. The defendant's notice of motion was not served within the time limited by the rule, but as the plaintiff gave a stipulation extending the time to answer or for the defendant to move the court, as they might be advised, the acceptance of that favor from the plaintiff, did not constitute a waiver of the right of the defendants to make the motion that the complaint be made more definite and certain. On this motion we can only inquire whether, since the denial of the defendants' motion at Special Term, they have done anything which constitutes a waiver of their rights of appeal, and as we are unable to find that they have. The respondent's motion to dismiss, the appeal is denied with ten dollars costs and disbursements.

All concur.

Motion to dismiss appeal denied, with ten dollars costs.